IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


LESLIE V.,[1]

        Plaintiff,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

        Defendant.

Case No. 6:18-cv-01230-SB

**OPINION AND ORDER**

**BECKERMAN, U.S. Magistrate Judge.**

      Leslie V. ("Plaintiff") brings this appeal challenging the Commissioner of Social Security's ("Commissioner") denial of her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 1381-1383f. The sole issue presented on appeal is whether the Administrative Law Judge ("ALJ") erred in his evaluation of the medical evidence. The Court has jurisdiction to hear this appeal pursuant to 42 U.S.C. § 1383(c)(3),

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

which incorporates the review provisions of 42 U.S.C. § 405(g). For the reasons explained below, the Court affirms the Commissioner's decision.

## BACKGROUND

Born in September 1964, Plaintiff was 44 years old on her alleged onset date. (Tr. 54.) She has a high school education and past work experience as an activities director, a florist, a housekeeper, and a sales associate. (Tr. 167.)

Plaintiff applied for DIB on May 9, 2014, alleging disability beginning January 31, 2009 due to an anxiety disorder and depression. (Tr. 54, 145, 149.) Her claim was denied initially and on reconsideration. (Tr. 86, 92.) Plaintiff requested an administrative hearing, which was held on May 9, 2017. (Tr. 35-53.)

In a written decision issued on April 26, 2017, the ALJ applied the five-step evaluation process set forth in 20 C.F.R. § 404.1520(a)(4), and determined that Plaintiff was not disabled. (Tr. 16-28.) The Social Security Administration Appeals Council denied Plaintiff's petition for review, making the ALJ's decision the Commissioner's final decision. Plaintiff timely appealed to federal court.

## THE FIVE-STEP SEQUENTIAL ANALYSIS

### I. LEGAL STANDARD

A claimant is considered disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Those five steps are: (1) whether the claimant is currently engaged in any substantial gainful activity; (2) whether the

claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the claimant can return to any past relevant work; and (5) whether the claimant is capable of performing other work that exists in significant numbers in the national economy. *Id.* at 724-25. The claimant bears the burden of proof for the first four steps. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001). If the claimant fails to meet the burden at any of those steps, the claimant is not disabled. *Id.*; *Bowen v. Yuckert*, 482 U.S. 137, 140-41 (1987).

The Commissioner bears the burden of proof at step five of the process, where the Commissioner must show the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999). If the Commissioner fails to meet this burden, the claimant is disabled. *Bustamante*, 262 F.3d at 954 (citations omitted).

## II. THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation process to determine if Plaintiff is disabled. (Tr. 19-28.) At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since January 31, 2009, the alleged onset date. (Tr. 19.) At step two, the ALJ determined that Plaintiff had the severe impairments of major depressive disorder, panic disorder, and bipolar disorder. (Tr. 20.) At step three, the ALJ concluded that Plaintiff did not have an impairment that meets or equals a listed impairment. (Tr. 21.) The ALJ then concluded that Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with the following limitations: she can perform simple, routine tasks and make simple work-related decisions; she can frequently, but not continuously, respond appropriately to coworkers, supervisors, and the general public; and time off-task would be accommodated by

PAGE 3 – OPINION AND ORDER

normal breaks. (Tr. 22.) At step four, the ALJ concluded that Plaintiff was able to perform her past relevant work as a housekeeping cleaner. (Tr. 27.) The ALJ therefore concluded that Plaintiff was not disabled. (Tr. 27-28.)

## ANALYSIS

### I. STANDARD OF REVIEW

The district court may set aside a denial of benefits only if the Commissioner's findings are "'not supported by substantial evidence or [are] based on legal error.'" *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). Substantial evidence is defined as "'more than a mere scintilla [of evidence] but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).

The district court "cannot affirm the Commissioner's decision 'simply by isolating a specific quantum of supporting evidence.'" *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001) (quoting *Tackett*, 180 F.3d at 1097). Instead, the district court must consider the entire record, weighing the evidence that both supports and detracts from the Commissioner's conclusions. *Id.* If the evidence as a whole can support more than one rational interpretation, the ALJ's decision must be upheld; the district court may not substitute its judgment for the judgment of the ALJ. *Bray*, 554 F.3d at 1222 (citing *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007)).

### II. DISCUSSION

Plaintiff argues that the ALJ erred in rejecting the medical opinion of treating psychiatrist Tim McCarly, M.D. "There are three types of medical opinions in social security cases: those from treating physicians, examining physicians, and non-examining physicians." *Valentine v.*

*Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009). "Where a treating or examining physician's opinion is contradicted by another doctor, the '[ALJ] must determine credibility and resolve the conflict.'" *Id.* (citation omitted). "An ALJ may only reject a treating physician's contradicted opinions by providing 'specific and legitimate reasons that are supported by substantial evidence.'" *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014) (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)).

"An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'" *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). Merely stating conclusions is insufficient: "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.* "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Id.* at 1012-13 (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)).

Dr. McCarley was Plaintiff's treating psychiatrist. He completed a mental capacity assessment of Plaintiff on November 15, 2016. (Tr. 460-61.) He assessed extreme limitations in Plaintiff's ability to maintain a schedule and complete a workday or workweek without interruptions from psychological symptoms. (*Id.*) Dr. McCarley also opined that Plaintiff was extremely limited in her ability to interact with coworkers or peers without distracting them or exhibiting behavioral extremes. (*Id.*) On February 28, 2017, Dr. McCarley completed a mental impairment questionnaire. (Tr. 522-25.) He again assessed extreme limitations in Plaintiff's

ability to complete a normal workday or workweek without interference from psychologically based symptoms. (*Id.*)

The ALJ gave Dr. McCarley's opinion little weight. (Tr. 26.) Dr. McCarley's opinion conflicted with the opinion of consultative physician Dorothy Anderson, Ph.D., who reviewed the record and concluded that Plaintiff was moderately limited in her ability to carry out detailed instructions and to maintain attention and concentration for an extended period but retained the functional capacity to perform work. (Tr. 60-62.) Because Dr. McCarley's opinion was contradicted by another physician's opinion, the ALJ was required to provide specific, legitimate reasons for rejecting it. *Ghanim*, 763 F.3d at 1161.

The ALJ provided at least two such reasons. First, the ALJ noted that Dr. McCarley's opinion was "not supported with explanation other than a brief description of symptoms." (Tr. 26.) The ALJ need not accept the opinion of any physician that is brief, conclusory, and inadequately supported by clinical findings. *Bray*, 554 F.3d at 1228. Here, the ALJ reviewed Dr. McCarley's treatment notes and found that they only briefly described Plaintiff's symptoms and failed to provide an explanation to support his findings of marked limitations. (Tr. 26, 511-20.) The ALJ also noted that Dr. McCarley's examination findings were essentially normal other than an anxious mood, and did not support the extreme limitations he assessed. (Tr. 26, 513.) On this record, the ALJ reasonably concluded that Dr. McCarley's extreme limitations lacked clinical support, and therefore the ALJ provided a specific, legitimate reason for rejecting the opinion. *Bray*, 554 F.3d at 1228.

Second, the ALJ found that Dr. McCarley's opinion was not consistent with the medical record as a whole. An ALJ may consider the consistency of a provider's opinion with the record as a whole. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). Here, Dr. McCarley's own records

show that Plaintiff's conditions improved with medication. (Tr. 517.) Further, Plaintiff's abnormal mental status exams were linked to extreme situational stressors. (Tr. 302, 307, 323 (treatment note indicating Plaintiff's depression was aggravated by the death of a close friend and her son's car accident), 352, 374.) In May 2014, treating physician Nancy Dougherty, M.D., noted Plaintiff was doing "a lot better" with new medication. (Tr. 424.) Plaintiff's counselor Stephanie View noted that Plaintiff continued to improve with therapy between April 2014 and June 2014, and Elizabeth O'Connor, M.D., noted normal mood and appropriate affect in September 2014. (Tr. 445, 457.) The ALJ reasonably concluded that Dr. McCarley's assessment of extreme limitations was not consistent with the longitudinal record. *Orn*, 495 F.3d at 631.

In sum, the ALJ provided multiple specific and legitimate reasons for rejecting Dr. McCarley's controverted opinion, and therefore the Court affirms the ALJ's evaluation of the medical record.

## CONCLUSION

For the reasons stated, the Court AFFIRMS the decision of the Commissioner.

**IT IS SO ORDERED.**

DATED this 9th day of July, 2019.

                                                                          *Stacie F. Beckerman*
                                                                          STACIE F. BECKERMAN
                                                                          United States Magistrate Judge